I'm Matt Adams with Northwest Immigrant Rights Project for the Petitioner. In this case, the Immigration and Nationality Act establishes that government has the burden of showing clear and convincing evidence that Mr. Suazo's misdemeanor conviction renders him deportable. And I think that the burden of proof is especially important when reviewing the scope of the modified categorical analysis that applies. The charge of deportability here incorporates the definition of a crime of violence in 18 U.S.C. section 16. And since it's a misdemeanor, in order to sustain the burden, the government showed that Mr. Suazo's conviction included the statute for which he was convicted included as an element the use, attempted use, or threatened use of physical force against another. The statute in question, the Washington State statute, does not contain this element. And the government concedes that categorically it can't be classified as a crime of violence. Yet the government convinced the immigration judge that he could use the modified categorical approach to look at the underlying conduct which led to the charge. However, the immigration judge is only able to use modified categorical approach in order to determine what are the elements to which Mr. Suazo pled guilty. In this case, the judge went beyond that and used the modified categorical approach to find what information regarding the underlying conduct was in what he believed was the record of conviction. But the modified categorical approach does not allow this open, unrestricted inquiry. As the Supreme Court clarified in Shepard, quote, its recourse to the record of conviction must be limited to a strict, tailored inquiry to see if the judge or jury was actually required to find all the elements of the generic offense, end quote. In this case, there was no need for a judge to find the Petitioner that Mr. Suazo had used physical force against another. That was simply not an element and is never required. You mean under the Washington statute? Under the Washington statute for assault in the fourth degree. Because unlawful touching will constitute a violation. Exactly. The least minimal, the culpable conduct is unlawful touching. And as there's no specified elements, a court never need find more. And this Court has clarified that any time an individual pleads guilty, that plea of guilty admits only the elements of the charge necessary for a conviction and nothing more. Even where a record of conviction demonstrates physical violent force against another, unless that conduct is required to meet one of the elements of the statute, that conduct is irrelevant. So even if there was an explicit charge in the complaint, Mr. Suazo had and then later pled to that complaint where he explicitly stated that he punched his partner, if the statute does not require a finding on that conduct, that information in the record of conviction is irrelevant pursuant to the modified categorical approach. As this Court has stated in Singh, an element is a constituent part of the offense which must be proved by the prosecution in every case in order to sustain a conviction. And in Singh, the Court explained that where the element at issue is not one of the elements required for the statute, then the modified categorical approach is simply inapplicable. It doesn't provide any further insight into the analysis. But even if the Washington State statute were read to include separate elements and one of the elements included the use of physical force against another, in this case, the modified categorical approach does not provide clear and convincing evidence that Mr. Suazo pled guilty to the use of physical force against another. Now, the IJ stated that he believed this Court's decision in Perea afforded him the opportunity to rely upon the police report. Because in Perea, this Court explained that it could rely upon the certificate for determination of probable cause because that created a clear statement of fact, an explicit statement which was incorporated into the original charging document. In this case, there was no clear statement of fact. You have a police report with a summary of the statements made to him by the three different parties. And, in fact, in justifying the use of the CDPC, this Court in Perea contrasted it with the police report, stating that, quote, And, likewise, the Court warned that, quote, And this is exactly the same situation. A finding that Mr. Suazo had engaged in physical force against another, in this case,   police report, stating that, quote, was not required by the state court judge. Therefore, it's outside the inquiry of the modified categorical analysis. The government also relies on Espinoza-Cano, United States v. Espinoza-Cano, a case in which this Court did look at the police report. But this Court went to great lengths to explain why, in these unusual circumstances, it was able to look at the police report, despite the controlling case law and this circuit. This Court explained that in Espinoza-Cano, the police report had an explicit statement of fact that was incorporated into the actual charging document. It was part of the indictment. As such, it did not serve to widen the evidentiary net, but rather clarified to all parties what the factual basis of the charge was, and then that party pled  So the Court explained that, quote, the police report narrowed the offense to a generic theft offense precluding any possibility that Espinoza-Cano was convicted of a non-generic theft offense, end quote. Are you familiar with the Navarro case? I'm sorry? The Navarro case out of this Court this fall. I can't say that I am. Sorry. Returning to Espinoza-Cano, in this case, in contrasting with Espinoza-Cano, the police report was not part of the charging document. The charging document makes no reference to the police report. And, indeed, the charging document, the complaint, is on page 99 of the administrative record. And in the plea agreement, the defendant concedes that he's guilty of the elements charged in the complaint, nothing more, nothing less. And that is your basic assault under a Washington State statute, which, as we've stated, never requires a finding of physical violent force against another. Given that it was not incorporated into the charging document, given that there's no explicit statement of fact, this case is readily distinguished from Pari and Espinoza-Cano, the cases relied upon by the government, because it does the record here does not unequivocally establish that the State court necessarily relied on a factual determination that Mr. Suazo had done anything more than an offensive touching. The Washington State statute is defined by common law, case law, has a range of conduct, and the opinions from the State of Washington make clear that the least culpable conduct is simply offensive touching. And there's case law talking about people splashing, you know, stamping in a puddle to splash on people or spitting on another person. Moreover, even if the immigration judge could look at the police report, it still doesn't create that clear statement of fact. Instead, he's left to speculate. He looks at the summaries of the officer of the three statements, and then he has to speculate what the State court judge decided was the basis for finding, for entering that conviction. And once again, this Court has made clear that speculation and inferences is not sufficient. In Cisneros-Perez, which came after Pari, this Court made clear, especially under the modified categorical analysis, that inferences are not enough. And in that case, it was even a much stronger case to be made for the government. All they needed to do was show that the victim was the spouse. And the judgment and sentence in that case included information that there was a no-contact order, again, being entered as part of the judgment, that the person could not contact his spouse, and it named his spouse. And there was also a condition that he enter into domestic violence training. And yet the Court found those are simply inferences to be drawn. It does not necessarily demonstrate that the Court relied upon that factual determination in order to make the finding. Here, the record of conviction does not demonstrate, let alone with clear and convincing evidence, that the State court necessarily was required to find that Mr. Suazo engaged in physical force against another. As such, the government is unable to sustain its burden, and we request this Court grant the petition for review. Thank you. Good morning. May it please the Court. My name is Jeff Leist. I'll be happy to respond. The Respondent requests that this Court dismiss this petition for lack of jurisdiction because Mr. Suazo was convicted of a domestic violence assault in the fourth degree, which is an aggravated felony and a domestic violence conviction. We argue that under Perea, you can look at the police report in this case. We feel that the police report actually is specific enough in what it is charging him with. If you look at the police report, the police officer was called to the home after the wife's child called the police. The wife answers the door, says that her husband hit her in the face. The officer looks. She's bleeding from the eye. The wife says that he woke her up, punched her when she stood up, that she then was pushed down by the side of her neck. The police officer goes outside, sees the husband, the petitioner in this case, who appears to be intoxicated. He then asks him twice, did you hit your wife? He responds, no, both times. And that is when the officer places him under arrest. It seems a little bit disingenuous to argue that that was not the reason why he was arrested. That was not the basis for his conviction. We don't know that, do we? We don't know that, but it appears to be clear and convincing evidence that that was the case. Let me just step back a little bit. When I asked the other counsel, I don't know, we had a recent case called Navarro-Lopez. Are you familiar with that relating to in effect what we're saying in that case is if you have a crime, in this case the RCW crime, and then you have the generic crime, if you're missing, in this case, the violent aspect in the RCW crime, you can't sort of doctor it up to fit the generic crime. Why isn't that the case here, that the Washington statute is really missing what's part of the generic crime? And in that case, we don't even go, the modified categorical can't save you, through no fault of your own, but just through the drafting of the statute. Right. I would argue that since the Fourth Degree Assault statute itself is pretty limited in what it says. It basically just says Fourth Degree Assault is not one through three. But in the way it's been applied, there's been three different kinds of conduct that's been considered Fourth Degree Assault. There's intending to inflict bodily injury on another. There's intentionally creating in another person reasonable apprehension and fear of bodily injury. And then there's the unlawful touching. We would argue that the first two of those three do, in fact, have an element of physical force as part of the crime. Therefore, the modified categorical approach would be useful to say which one of these has appeared that the Petitioner has, or the alien in this case, has been charged under. In this case, because the Petitioner, in his guilty plea, admitted to the facts that were in the statute. But at least one-third of the statute. I mean, not that it's a numerical issue, but at least one-third of the statute doesn't even meet the definition of a generic crime. So it's not really broader in some senses. It's narrower. Do you understand the difference? Because a lot of these crimes we're looking at, the problem is they're broader and then we use the modified categorical approach. It seems to me that this crime is narrower. Do you agree with that characterization? I mean, I believe the crime is not necessarily divisible, but there are different aspects which can be convicted of this crime. And therefore, I mean, I guess narrower could be the correct usage of the word. But I would argue that because it is, there's the different types of activities which can be this type of offense, that it is necessary to then use the modified categorical to, in essence, figure out which of these three different kinds was the conduct which led to the conviction. Well, doesn't that? Is that the issue? Is what the issue? The issue is not which led to the conviction, but what was the basis for the conviction. Right. And you can't tell what the basis for the conviction was, given the three prongs of the statute. We would argue that you can tell what the conduct was and what was then what he would plead guilty to, and we would argue that either of the first two do constitute a crime of violence. But that's not really an answer to the question. If the conviction could be based on the third, then it's not a crime of violence. And how do we know it wasn't? We don't. I mean, that's true. So isn't that the rest? Is that the end of the argument? I would argue that you can look to the conviction, you can look to the documents which were part of the conviction record, and you can then say, I mean, is it possible that it was the unlawful touching? It is possible. I mean, is that the end of it? I would say no. Why not? Because I think that you can look at the evidence and say that he did commit these other crimes as well. Whether or not that was the basis for the judge's decision, we don't know, and that is true. It seems to me the problem is that the categorical approach is specifically imposed upon us because the Supreme Court doesn't want to have retrials or mini-trials. And what you've suggested, although on some level certainly logical and may reflect what the petitioner did, invites exactly what the categorical approach is intended to prevent, which is a retrial of the particular facts. And those are the cards that you dealt, but I think that's the reality of what this case poses. That may be the case, yes. If there are no further questions, based on the aforementioned reasons, the government requests that the case be dismissed for lack of jurisdiction. Thank you. If I may make just one point, Washington State Supreme Court has clarified that the different means of committing fourth-degree assault are not separate elements. They're simply gradations. It's a range of conduct, and the least culpable conduct is offensive touch. Thank you. Thank you both for your argument this morning. Suazo-Perez is submitted. The next case for argument is Konstantin Valentinovich Manzar v. Mukasey.
judges: McKeown, Clifton, Schwarzer